## DAVIS v MILLER et

Ohio Appeals. 5th Dist, Fairfield Co

No 167. Decided September, 1933

## OPINION

By LEMERT, J.

With the finding of the court below, and on each of these propositions, we are in accord.

From a careful examination of the record before us, we are of the opinion that the defendant, Rebecca Loose, at the time she bought the premises from Susan Miller, may have believed that she purchased the fee thereof, but her belief that she was getting the fee that alone does not make it so under the law.

It is quite clear from the record before us, that in the deed from Susan Miller to Rebecca Loose that the said Rebecca Loose purchased and received an estate only for the life of the said Susan Miller, who died in 1929.

It is a well settled principle of law in Ohio that if a life tenant make improvements upon a life estate, he is not entitled to recover therefor.

On the question of the right of Rebecca Loose to recover on her third cause of action, we find from the record that on March 26, 1903, that the said Rebecca Loose paid Susan Miller on a note that she then owed her on the purchase price of the real estate theretofore purchased, the sum of Three Thousand Dollars, which this defendant in error, Rebecca Loose, claims was thereafter paid to the brothers and sisters, defendants in error herein.

The record before us discloses that this amount was paid in the amount of Five Hundred Dollars, each: that shortly after March 26, 1903, the amount of Three Thousand Dollars was divided into six equal parts, of Five Hundred Dollars, each, and the same was given to each of the six then living children. So it is the contention of Rebecca Loose, the defendant in error, that the children of Susan Miller having so received Three Thousand Dollars, paid to them as part of the consideration of said land, should, in right and in equity, be charged with this amount, and that she should be reimbursed therefore out of the proceeds of the partition sale.

There is no doubt in our mind but what these six children received Three Thousand Dollars of the purchase money from their mother, Susan Miller. That being so, then they are certainly not entitled to receive it a second time.

So that we hold that by the deed from Susan Miller to Rebecca Loose a life estate, only, was conveyed, and it then necessarily follows that Rebecca Loose was not a tenant in common with the heirs of Susan Miller, deceased. and that Rebecca Loose should account for rents and profits from the date of the death of Susan Miller, from April 29, 1929, until the date of the sale of the land by the sheriff in the partition proceedings, to-wit, January 23, 1932, or for two years, eight months, and fourteen days; that Rebecca Loose should have a credit of Three Thousand Dollars—that amount being found by the court to have been distributed to the children of Susan Miller, and is properly charged to them; that Rebecca Loose having purchased only a life estate in the property, she is not entitled to be reimbursed for improvements placed by her on said premises; and that Rebecca Loose should be charged with rentals, which the court finds to be Five Hundred Dollars.

From a careful examination of the record herein we are of the opinion that the finding and judgment of the court below was fair, equitable and just. It therefore follows that the finding and judgment of the court will be and the same is hereby affirmed. Exceptions may be noted.

SHERICK, PJ, and MONTGOMERY, J, concur.